No. 2022.—JARED WILLIAMS, Appellee, *v.* EDWARD J. GAY, Appellant.

Two parties, A and B, were engaged as partners in the cotton trade, one residing within the Federal lines of military occupation and the other in the Confederate lines; during the late war, between whom all trade was interdicted. They engaged the services of C to haul the cotton through the lines. Held—That, C could not recover wages on the ground that he was engaged in illicit traffic, expressly prohibited by law.

Each item charged in an account as money paid out, or for services rendered, is prescribed in three years from its date.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Posey, J. Fuqua & Callihan,* for appellee and plaintiff, *Banon & Pope,* for appellant and defendant.

HOWE, J. The plaintiff sued upon an open account for services performed and money paid out from the tenth January, 1864, to the sixth October, 1865. There was judgment in his favor for the whole amount claimed, and the defendant has appealed.

The prescription of three years' was pleaded by defendant in the court below, and, as he was not cited until May 2, 1867, the plea must prevail against all the items in the account except the last two.

The items which are not prescribed are, one for $200 cash, paid out in December, 1864, and one for $500, for four months' services in attending to ginning and shipping cotton, from June 6, 1865, to October 6, 1865.

The first of these cannot be allowed, since it appears from the evidence that it was paid for hauling cotton in the course of an illegal traffic in this staple across the lines during a state of war, when such traffic was strictly prohibited, and for account of a partnership illegally formed between the defendant residing in the town of Plaquemine, and one Lobdell, residing beyond the lines. It is plain that plaintiff was aware of the character of this partnership and its operations, and cannot invoke the help of the court as to this part of his claim.

The remaining item of $500, for services performed from June 6, 1865, to October 6, 1865, is not liable to this objection. Active hostilities had ceased, the lines had been opened to trade, and we are satisfied from a consideration of the record as a whole (a record, we may remark, which is so illegible as to render its consideration very difficult), that the plaintiff performed these services in regard to cotton owned by the defendant and J. L. Lobdell, and as to which they were commercial partners and bound *in solido;* that the defendant was liable to be sued alone, the partnership having been dissolved, and that the plaintiff is entitled to recover this amount.

It was contended as one defense that the plaintiff had been unfaithful in the discharge of his duties, but we do not think the charge sustained. The partners seem to have quarreled, and the plaintiff's obedience of certain orders of Lobdell may have wrought injury to the defendant, but no bad faith on plaintiff's part is proved, and Lobdell's orders were as binding on him as those of Gay.

Several bills of exceptions were reserved by defendant, but he insists on one only, an exception to the action of the judge in striking

from his amended answer before permitting it to be filed the allegation that plaintiff was unfaithful "in aiding the said Lobdell to withhold from respondent cotton which had been purchased for joint account, and which was to be shipped to respondent's house in New Orleans." We do not think the court erred. The amended answer was filed on the day the cause was tried, and many months after the original answer. The allegation stricken out was one which introduced a new issue, and the court in permitting the amended answer to be filed at so late an hour exercised only a proper discretion in striking out this clause.

For the reasons given it is ordered that the judgment appealed from be reversed, and proceeding to give such judgment as the court below should have rendered, it is ordered and adjudged that the plaintiff have judgment against the defendant for the sum of five hundred dollars, with interest from judicial demand, with costs of the lower court; the plaintiff to pay the costs of the appeal.